[Civ. No. 53993. Second Dist., Div. Five. Sept. 17, 1979.]

VERNA L. GOINS, Plaintiff and Appellant, v.
BOARD OF PENSION COMMISSIONERS OF THE CITY OF
LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Kirsch, Arak & Bulmash and Richard J. Greene for Plaintiff and Appellant.

Burt Pines, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, and Mary Jo Curwen, Deputy City Attorney, for Defendants and Respondents.

## OPINION

ASHBY, J.—Appellant Verna L. Goins, the widow of a former Los Angeles police officer, brought this action to compel payment of a widow's pension under section 183-½ of the Charter of the City of Los Angeles.[1] The parties agreed there were no triable issues of fact and each party submitted a motion for summary judgment. (Code Civ. Proc., § 437c; *Pacific Auto. Ins. Co. v. Wolff,* 72 Cal.App.3d 537, 540 [140 Cal.Rptr. 164].) The trial court granted summary judgment for respondents Board of Pension Commissioners of the City of Los Angeles, the Fire and Police Pension System of the City of Los Angeles, and the City of Los Angeles. The sole issue is a question of interpretation whether appellant is eligible for a widow's pension under section 183-½.

On August 25, 1965, Donald Goins was retired from the Los Angeles Police Department on account of service connected disability, under section 182 which provides a pension to members of the fire or police departments who become disabled by injuries or sickness caused by the discharge of their duties. At the time of his disability retirement, he had served the police department for 19 years and 7 months, and thus was not eligible for retirement on account of years of service, which requires 20 years' service. (§ 181.) Appellant did not marry Donald Goins until July 19, 1972, nearly seven years after his disability retirement. She remained married to him until his death on February 14, 1975, which death was from nonservice connected causes.

Section 183-½ provides that with certain specific exceptions, whenever any member of the police department who shall have served five years or more dies from causes other than those arising out of the performance of his duties, then an annual pension shall be paid to his widow equaling 40 percent of the highest salary attached to his rank at the date of death. To be eligible, the widow must have been married to the member at least one year prior to his *death.* A literal reading of section 183-½ shows that appellant satisfies all of its conditions and is eligible for a pension.

---

[1] All section references hereinafter are to the Los Angeles City Charter unless otherwise indicated.

Donald Goins was (1) a member of the police department; (2) who had served the department for five years or more; and (3) who died from causes other than those arising out of the performance of his duties. Appellant was married to him for at least one year prior to his death.

Respondents argue that the charter section does not mean what it says, and that the term "any member" in section 183-½ should be construed as limited to persons in active service. They further argue that the applicable section is section 183, which provides a widow's benefit whenever a member dies "after retirement" or in certain other circumstances. The widow's pension under section 183 is 50 percent of the average salary of the ranks held by the member during the three years preceding his retirement from active duty. However, to be eligible under section 183, the widow of a pensioner must have been married to him at least one year prior to his *retirement,* a condition which appellant cannot satisfy. Respondents argue that to hold appellant eligible under section 183-½ would bring the two sections into irreconcilable conflict and that therefore appellant's interpretation of section 183-½ cannot be sustained. We conclude to the contrary, that appellant is eligible for a pension under section 183-½ and that this interpretation does not lead to irreconcilable conflict with section 183.

## Discussion

Section 183-½ contains a number of specific provisions in addition to its general rule. To understand the parties' contentions it is necessary to quote section 183-½ in some detail, but it should be reiterated that Donald Goins retired on account of service connected disability under section 182; he did not retire on account of years of service, nor was he eligible to retire on account of years of service; he did not retire under section 182-¼, which grants a disability pension for *non*service connected disability. ▇ With these facts in mind, it will be seen that Donald Goins came within the general rule laid down in section 183-½, and not within any of its specific exclusions or specific provisions as to nonservice connected disability pensions under section 182-¼.

Section 183-½ provides in pertinent part as follows: "Whenever any member of the Fire or Police Department (other than a member retired on account of years of service or a member eligible to retirement on account of years of service, but including a member retired on account of disability pursuant to the provisions of Section 182-¼ of this charter) who shall have served in such department for five years . . . shall die from

causes other than those arising out of or from the performance of his duties, then an annual pension shall be paid . . . to his widow . . . in an amount equal to forty per cent (40%) of the highest salary . . . attached to the rank of policeman or fireman at the date of such member's death. . . . Provided, further, however, that no widow shall be entitled to a pension pursuant to the provisions of this section unless she shall have been married to such deceased member for at least one year prior to the date of his death. [¶] And provided further, that no widow of a member who shall die while on disability retirement pursuant to the provisions of Section 182-¼ of this charter shall be entitled to a pension pursuant to the provisions of this section unless she shall have been married to such deceased member at least one year prior to the date of his retirement."

Donald Goins came within the general rule of section 183-½. He was a member of the police department who had served for five years and who died from causes other than those arising out of or from the performance of his duties. Appellant was married to him at least one year prior to the date of his death.

None of the *specific* provisions in section 183-½ as distinguished from its general rule, covers Donald Goins' situation. Section 183-½ specifically excludes members retired on account of years of service or eligible to retire on account of years of service, but he was neither of these. Section 183-½ specifically requires the widow of a member who retired for nonservice connected disability under section 182-¼ to have been married to the member at least one year prior to the date of his retirement, but Donald Goins was not such a member.

█ The provisions of a pension statute are to be liberally construed in favor of an applicant so as to effectuate the purpose of providing benefits to an employee and his family. (*Cavitt* v. *City of Los Angeles*, 251 Cal.App.2d 623, 626 [59 Cal.Rptr. 690].) █ When a statute contains an exception to a general rule laid down therein, that exception is strictly construed. (*Marrujo* v. *Hunt*, 71 Cal.App.3d 972, 977 [138 Cal.Rptr. 220].) Other exceptions are necessarily excluded. (*City of Coronado* v. *California Coastal Zone Conservation Com.*, 69 Cal.App.3d 570, 580 [138 Cal.Rptr. 241].) Here, section 183-½ specifically excludes "a member retired on account of years of service or a member eligible to retirement on account of years of service." It does not specifically exclude a member who retired on account of service connected disability. Had the framers intended also to exclude members who retired on account of service connected

disability, it would have been simple so to provide. ■ The court cannot insert qualifying provisions or rewrite the statute. (*Vallerga* v. *Dept. Alcoholic Bev. Control*, 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909].) Similarly, had the framers intended a service connected disability pension under section 182 to be governed by the same rules as a nonservice connected disability pension under section 182-¼, it would have been simple so to provide. The mention of the latter implies the exclusion of the former.

There is no merit to respondents' argument that the word "member" in section 183-½ means a person on active duty. There is no language in section 183-½ limiting it to active service. We find no definition of the word "member" in article 17 of the charter. However, the syntax of section 183-½ and section 183 clearly requires rejection of respondents' contention. The specific exception in section 183-½ for a "member retired" on account of years of service would not have been necessary if the word "member" by itself excluded retirees. The same context is found in section 183 which refers in part to "[w]henever any *member* of the Fire or Police Department shall die . . . after *retirement* . . . , then an annual pension shall be paid . . . to his widow . . . ." (Italics added.) This shows that "member" includes retirees.

Nor are we persuaded by respondents' argument that a comparison of sections 183 and 183-½ requires that section 183-½ be limited to active members in order to avoid irreconcilable conflict with section 183.

Section 183 provides in pertinent part: "Whenever any member of the Fire or Police Department shall die [1] as a result of any injury received during the performance of his duty, or [2] from sickness caused by the discharge of such duty, or [3] after retirement, or [4] while eligible to retirement from such department on account of years of service, then an annual pension shall be paid in equal monthly installments to his widow . . . in an amount equal to one-half (½) of the average monthly rate of salary assigned to the ranks or positions held by such member during the three years immediately preceding the time of his death or the date of his retirement from active duty in such department. . . . Provided, further, however, that no widow of a pensioner shall be entitled to a pension unless she shall have been married to such deceased pensioner at least one year prior to the date of his retirement; and provided, further, that no widow of a member of the Fire or Police Department eligible for

retirement from such department, who dies from causes other than those arising out of or from the performance of his duties, shall be entitled to a pension unless she shall have been married to such deceased member for at least one year prior to the date of his death . . . ."

A liberal construction of the word "retirement," in the clause we have labeled [3], would, as respondents contend, permit that word to refer to disability retirement as well as retirement on account of years of service. As respondents point out, to be eligible for a 50 percent pension under section 183, a widow must have been married to the retiree at least one year prior to his retirement. Under the *express* provisions of section 183-½, which involves a 40 percent pension, the same is required of the widow of a member who retires for *non*service connected disability under section 182-¼. But section 183-½ makes no specific provision with regard to the widow of a member who retired for *service* connected disability. The *general* provisions of section 183-½ entitle the widow to a 40 percent pension subject only to the requirement that she have been married to the member one year prior to his *death*.

Contrary to respondents, we do not find irreconcilable conflict in this situation. ■ It is the duty of the court to consider the statutory scheme as a whole, and to reconcile and give effect to each of its parts if possible. (*REA Enterprises* v. *California Coastal Zone Conservation Com.*, 52 Cal.App.3d 596, 610 [125 Cal.Rptr. 201]; Code Civ. Proc., § 1858.) We must attempt to give some meaning to the fact that the parenthetical clause in section 183-½ *specifically excludes* members retired on account of years of service and members eligible to retirement on account of years of service, *specifically includes* members retired on account of *non*service connected disability pursuant to section 182-¼, and *makes no specific reference* to a member retired on account of service connected disability, such as Donald Goins. The most satisfactory explanation is that the framers intended the case of death from nonservice causes subsequent to service connected disability to fall within the general rule of section 183-½, and to avoid the preretirement marriage requirement contained in section 183 and the second paragraph of section 183-½. We can conceive of a rational purpose in doing precisely that.

The framers of a pension system might reasonably conclude that an officer who has been disabled in the line of duty should receive greater support than an officer disabled for nonservice connected reasons. (Cf. § 182 *with* § 182-¼.) So also should the widow of an officer killed in the

line of duty as compared with the widow of an officer who dies from other causes. When an officer is killed in the line of duty, his widow gets a 50 percent pension without being required to have been married to him for a year. (§ 183.) When he dies while in the active service (after five years) from nonservice connected causes, the widow gets a 40 percent pension and is required to have been married to him one year prior to his death. (§ 183-½.) The framers might also reasonably favor the widow whose husband dies after service connected disability retirement over the widow whose husband dies after nonservice connected disability retirement, and the widow of a retiree who married him prior to retirement over the widow who married the retiree after retirement.

Putting all these factors together, it would be reasonable to apply section 183-½ to appellant's situation. Contrary to respondents' arguments, the fact that appellant cannot qualify for a section 183 pension does not necessarily mean there can be no consideration of a section 183-½ pension *in the alternative.* Such consideration would rationally distinguish different cases based on some of the policies just discussed. Appellant's interpretation of section 183-½ would place her appropriately in relation to other cases, as follows:

1. The widow of a service connected disability retiree who was married to him a year prior to retirement receives the more generous pension, 50 percent under section 183, clause [3].

2. The widow of a nonservice connected disability retiree receives a 40 percent pension under section 183-½, but only if she was married to him a year prior to retirement.

Appellant's case falls in between in terms of policy. On the one hand, her husband's disability was service connected, a favorable factor; on the other hand, she did not marry him until after retirement, a less favorable factor. It would be appropriate therefore for her to receive a smaller pension than in the first example but an equal pension to the second example without having to fulfill the preretirement marriage requirement.

■ Since appellant's eligibility under section 183-½ is not necessarily in conflict with section 183, her apparent eligibility under the literal language of section 183-½ should be upheld. Pension statutes must be

liberally construed in favor of the applicant and we may not insert additional exceptions or qualifications into the statute.

The judgment is reversed with directions to the trial court to enter judgment for appellant.

Stephens, Acting P. J., and Hastings, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 15, 1979.