[S.F. No. 24033. Oct. 29, 1979.]

ALVIN M. WHEELER, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM et al., Defendants and Respondents.

## Counsel

Loren E. McMaster and Michael D. Stump for Plaintiff and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, and Robert L. Mukai, Deputy Attorney General, for Defendants and Respondents.

OPINION

**RICHARDSON, J.**—We review a statutory provision which requires the reduction of certain California industrial disability retirement benefits by amounts which a retired state employee is "entitled to receive" in federal retirement or disability benefits. (Gov. Code, § 21293.5; further statutory references are to this code unless otherwise indicated.)

The uncontradicted facts before us are as follows: Appellant Wheeler was employed as a state correctional officer and, as such, was considered a state safety member covered by the Public Employees' Retirement System (PERS). He retired on June 30, 1975, and on August 19 of that year applied to PERS for an industrial disability retirement benefit. On December 8, 1975, Wheeler elected to receive from PERS a lifetime monthly benefit of $500, commencing as of August 1, 1975.

PERS had informed Wheeler that payment of the full $500 monthly benefit was conditioned upon his continued ineligibility to receive social security benefits, a matter which was then pending on appeal to the Social Security Administration (SSA). Subsequently, PERS learned that he had prevailed in his SSA appeal and had been ruled eligible to receive a maximum of $288 in social security benefits as of February 1974. PERS further learned that, pursuant to federal law (20 C.F.R. § 404.408(a)), his monthly social security allowance would be reduced to $106 during the duration of payments received by him under a California workers' compensation award which is to terminate in May 1985.

Section 21293.5 requires that PERS deduct from the monthly disability retirement benefit ($500) the amount of social security benefits which a retired employee is "entitled to receive." Taking the position that Wheeler was "entitled to receive" the full $288 monthly federal benefit, PERS informed him in July 1976, that his monthly retirement allowance would be adjusted to reflect a reduction of $288, and that he would be backcharged for $3,458, representing the amount of his social security entitlements during the period from August 1975, through July 1976, during which period he had received from PERS the full $500 disability allowance.

Wheeler requested a hearing which PERS granted him, and he thereafter received a favorable proposed decision from the administrative law judge. The board of administration of PERS, however, declined to adopt the decision and upheld PERS' position. Following the superior

court's rejection of his subsequent mandate petition, Wheeler filed this appeal.

The issue is the proper interpretation of section 21293.5 which, in pertinent part, provides as follows: "The disability retirement allowance of a member who retires for industrial disability and who is credited with service as a member of the system, compensation for which was also subject to contribution under the federal system, *shall be reduced by the amount of any retirement or disability benefit he is entitled to receive under the federal system.* The reduction shall apply only during such time as he is entitled to receive the benefit under the federal system and shall not exceed the amount of the allowance derived from contributions of the employer. *The amount of the reduction shall not be adjusted because of changes in the amount of the benefit under the federal system* or in the amount of the allowance under this system derived from contributions of the employer occurring after the effective date of retirement for disability under this system." (Italics added.)

██ As noted above, PERS argues that Wheeler was and is "entitled to receive" $288 in monthly social security benefits, notwithstanding the federal system's offset of his California workers' compensation benefits. PERS' interpretation of section 21293.5 results, however, in a seemingly anomalous situation. By reason of his eligibility for social security benefits, he will receive *less* aggregate benefits from federal and state sources than had he simply acquiesced in the original determination of the SSA that he was wholly ineligible for any federal benefits. The reason for this questionable result is apparent: Under PERS' analysis of the applicable statutes, his state disability retirement benefits properly may be reduced by an amount which reflects, in effect, his receipt of state workers' compensation benefits. In this regard, PERS' position would appear to conflict with section 21202, which provides that "The benefits payable . . . under this system [i.e., the state retirement system] *shall not be modified* on account of any amounts paid to a retired member or beneficiary . . . under [the workers' compensation laws]." (Italics added.)

In construing the foregoing applicable statutory provisions, we are guided by certain well established principles. ██ Laws relating to pension and retirement benefits are to be liberally construed to the end that the beneficent aims of such legislation may be achieved. (*Gorman v. Cranston* (1966) 64 Cal.2d 441, 444 [50 Cal.Rptr. 533, 413 P.2d 133]; *Public Employees' Retirement System v. Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 215, 221 [151 Cal.Rptr. 35]; *Faulkner v. Public*

*Employees' Retirement System* (1975) 47 Cal.App.3d 731, 734 [121 Cal.Rptr. 190], and cases cited.) ■ We have observed that "Pension programs for public employees serve two objectives: to induce persons to enter and continue in public service, and to provide subsistence for disabled or retired employees and their dependents. [Citation.]" (*Phillipson* v. *Board of Administration* (1970) 3 Cal.3d 32, 49 [89 Cal.Rptr. 61, 473 P.2d 765].) The express statutory purpose underlying the state retirement system "is to effect economy and efficiency in the public service by providing a means whereby employees who become superannuated or otherwise incapacitated may, without hardship or prejudice, be replaced by more capable employees, and to that end provide a retirement system. . . ." (§ 20001.)

■ On the other hand, the foregoing "rule of liberal construction . . . should not blindly be followed so as to eradicate the clear language and purpose of the statute. . . . [Citations.]" (*Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822-823 [111 Cal.Rptr. 841].) Moreover, "Great weight should be given to the administrative interpretation of the Board of Retirement unless clearly erroneous. [Citations.]" (*id.,* at p. 820; see *Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 578 [108 Cal.Rptr. 293].) In this connection, Wheeler fully acknowledges that in previous cases PERS has consistently taken the position that section 21293.5 requires a deduction from state retirement benefits of the entire amount of federal social security payments to which an applicant may be *eligible,* without consideration of the *actual* benefits received. ■ Yet, as the *Crumpler* court correctly noted, "The ultimate interpretation of a statute is of course an exercise of judicial power and it is the responsibility of the courts to declare its true meaning even if it requires rejection of an earlier erroneous administrative interpretation. [Citations.]" (*Ibid.*; accord, *Culligan Water Conditioning* v. *State Bd. of Equalization* (1976) 17 Cal.3d 86, 93 [130 Cal.Rptr. 321, 550 P.2d 593] and cases cited.)

■ We conclude that, despite PERS' contention to the contrary, section 21293.5 is susceptible of more than one interpretation. Although a recipient of social security benefits might, in a certain sense, be deemed to be "entitled to receive" the maximum amount of benefits to which he is eligible without consideration of possible deductions or offsets for overlapping state benefits, from a more practical standpoint a recipient is entitled *to receive* only the net amount of benefits remaining after all such deductions have been made. Moreover, it seems highly unlikely that the Legislature intended that the application of section 21293.5 should

accomplish indirectly a result which, under section 21202, clearly could not be directly achieved, namely, the reduction of disability retirement benefits because of the receipt of workers' compensation benefits. We properly invoke an additional relevant principle of statutory construction. ■ "[T]he various parts of a statutory enactment *must be harmonized* by considering the particular clause or section in the context of the statutory framework *as a whole.* [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231 [110 Cal.Rptr. 144, 514 P.2d 1224], italics added; *Stafford* v. *L.A. etc. Retirement Board* (1954) 42 Cal.2d 795, 799 [270 P.2d 12].) Moreover, "where there are conflicting provisions, the one susceptible to only one meaning will control the one that is susceptible of two meanings, if the statute can thereby be made harmonious. [Citations.]" (*REA Enterprises* v. *California Coastal Zone Conservation Com.* (1975) 52 Cal.App.3d 596, 610 [125 Cal.Rptr. 201].)

The above quoted language of section 21202 is clear and unambiguous in its intent to assure that a retired employee's disability retirement benefits should not be reduced on account of his receipt of workers' compensation benefits. However, under PERS' interpretation of section 21293.5, *in ultimate effect* appellant's disability retirement benefits would be reduced by reason of his receipt of workers' compensation benefits. Given the beneficent purposes underlying the state retirement system, we conclude that the two sections should be harmonized in such a manner as to preclude direct *or indirect* consideration of workers' compensation benefits in calculating the amount of benefits to be paid under section 21293.5. ■ Accordingly, we conclude that a retired employee is "entitled to receive" only those federal social security benefits which are *actually paid* to him after deduction of the federally mandated offset for workers' compensation benefits.

PERS contends that the adoption of the foregoing construction of section 21293.5 eventually will result in an undeserved windfall to appellant upon termination of his workers' compensation benefits in 1985. The argument of PERS assumes that, despite the termination of those benefits, and the consequent increase in actual social security benefits paid to appellant, PERS will be prohibited by state law from considering the increase in recalculating disability retirement benefits. In our view such an assumption follows a misreading of the applicable statutory provision governing recalculation of benefits.

Section 21293.5 provides that "The amount of the reduction [of state disability retirement benefits on account of federal social security

benefits] shall not be adjusted because of changes *in the amount of the benefit under the federal system* or in the amount of the allowance under this system derived from contributions of the employer occurring after the effective date of retirement for disability under this system." (Italics added.) ▪ We believe that the probable purpose of the foregoing provision was to assure the retired disabled employee a fixed minimum retirement benefit which would not be subject to future reduction by reason of unforeseen changes in *federal* law affecting the level of *federal* benefits. It seems highly unlikely that the Legislature intended to preclude future adjustments in the amount of a retiree's social security deduction to take into account foreseeable increases in the size of that deduction caused by the cessation of *state* workers' compensation benefits. Consistent with the language of section 21293.5, future reduction of appellant's disability retirement benefit to reflect a smaller offset from his federal benefit would not, reasonably construed, constitute an adjustment by reason of "changes in the amount of the [federal] benefit." The underlying federal benefit of $288 monthly remains unchanged; only the amount of the state benefit offset therefrom has been altered.

The judgment is reversed and the trial court is directed to enter judgment for appellant consistent with the views expressed herein.

Tobriner, Acting C. J., Mosk, J., Clark, J., Manuel, J., Newman, J., and Racanelli, J.,* concurred.

---

*Assigned by the Acting Chairperson of the Judicial Council.