[No. G005057. Fourth Dist., Div. Three. June 6, 1988.]

STEPHEN R. PUCKETT, Plaintiff and Respondent
ORANGE COUNTY BOARD OF RETIREMENT, Defendant and
Appellant.

**COUNSEL**

Adrian Kuyper, County Counsel, and Donald H. Rubin, Deputy County Counsel, for Defendant and Appellant.

Lewis, Marenstein & Kada and Michael T. Roberts for Plaintiff and Respondent.

## OPINION

SCOVILLE, P. J.—The Orange County Board of Retirement (Board) appeals a judgment ordering it to change the effective date of Stephen Puckett's disability retirement. Puckett had applied for disability retirement from his job as a firefighter and, while his application was pending, worked at a lower-paying county position. The issue on appeal is whether Puckett was entitled to retirement payments while working at the second job. The trial court determined he was. We have concluded the trial court correctly determined the commencement date of Puckett's retirement allowance, but erroneously failed to order an offset for the compensation he received at the second job.

### FACTS

The parties stipulated to the following facts. Puckett was employed as a fire apparatus engineer by the county, a position involving firefighting duties. He developed psychiatric problems and applied for disability retirement in April 1983. While his application was pending, Puckett was reassigned to a lower-paying position as a mechanic's helper. He received compensation as a fire apparatus engineer through November 11, 1983, at which time his lower salary as mechanic's helper became effective.

The Board approved Puckett's application on August 12, 1985, and Puckett terminated his county employment on that date. The Board then set the effective date for commencement of Puckett's retirement payments at August 13, 1985, the day after Puckett terminated his employment. It calculated the amount of his retirement payments at $1,176.71 per month (50% of Puckett's highest average salary as a fire apparatus engineer).

Puckett requested the Board to change the effective date of his pension to November 12, 1983, the day after his compensation as a fire apparatus engineer was discontinued. The Board denied his request.

Puckett then petitioned in superior court for a peremptory writ of mandate ordering the Board to set aside its decision. Paragraph 3(d) of his petition stated that "[i]t was the position of the Petitioner [in his correspondence with the Board] that the pension should have been made effective November, 1983 with of course, credit to Respondents for wages received . . . during the period from November, 1983 through August, 1985." His supporting points and authorities stated: "Government Code Section 31725.6 herein above cited indicates that once a Board such as Respondent determines that a member is incapacitated and the member then accepts alternative employment, he is to be paid the diffference between his *regular*

compensation and the amount he is earning during the undertaking of alternative employment for which he is not disabled. This therefore furnishes further argument as [to] why Petitioner's pension should be made effective on November 11, 1983."

The Board argued that under Government Code section 31680, Puckett could not receive disability retirement while working in any paid capacity for the county.

The trial court granted Puckett's petition for writ of mandate. It determined Puckett should be treated no differently from a county employee who retires for disability and takes a job in the private sector. As conceded by the Board, a former county employee is entitled to full disability retirement although working in the private sector. The court therefore ruled Puckett was entitled to full retirement payments (without offset) during the period he worked as a mechanic's helper.

## DISCUSSION

Government Code section 31724 provides in pertinent part: " . . . [The board] shall retire [an employee for disability] effective on the expiration date of any leave of absence with compensation to which he shall become entitled . . . . His disability retirement allowance shall be effective as of the date such application is filed with the board, *but not earlier than the day following the last day for which he received regular compensation. . . .* [T]he retirement of a member who has been granted or is entitled to sick leave shall not become effective until the expiration of such sick leave with compensation unless the member consents to his retirement at an earlier date." (Italics added.)

The term "regular compensation" is not defined, either statutorily or judicially. Puckett argues the term refers to the employee's compensation at the position from which he is retiring. His regular compensation was thus discontinued when he retired from his position as a fire apparatus engineer.

The Board contends "regular compensation" means "regular, ordinary compensation for services rendered as an employee, as opposed to sick leave or workers' compensation benefits, or similar benefit payments which are made in lieu of salary when an employee is unable to work." It thus concludes Puckett's salary as a mechanic's helper was "regular compensation" within the meaning of the statute. The Board contends its position is further buttressed by Government Code section 31680, which provides that, with certain exceptions, "[a] member retired for service or disability shall not be

paid for any service rendered by him to the county or district after the date of his retirement . . . ."

We are thus called upon to interpret the term "regular compensation," without benefit of judicial precedent. ■ Interpretation of a statute is clearly a question of law. (*Killian* v. *City and County of San Francisco* (1978) 77 Cal.App.3d 1, 7 [143 Cal.Rptr. 430].) ■ We begin with the precept that pension statutes are to be liberally construed in an applicant's favor "to effectuate the purpose of providing benefits to an employee and his family. [Citation.]" (*Goins* v. *Board of Pension Commissioners* (1979) 96 Cal.App.3d 1005, 1009 [158 Cal.Rptr. 470].) With this principle in mind, we believe the ambiguity in Government Code section 31724 must be resolved in Puckett's favor. To rule otherwise would penalize Puckett for accepting an alternate county job in order to sustain himself during the period his application was pending. That review period lasted over a year. During that time, Puckett had no assurance when or whether his application would be approved. It can be inferred he had no choice except to work, either for the county or a private employer.

■ A primary purpose of a pension program is to encourage continued public service. (*Wheeler* v. *Board of Administration* (1979) 25 Cal.3d 600, 605 [159 Cal.Rptr. 336, 601 P.2d 568].) If the Board's position were adopted, county employees would be motivated to terminate their employment immediately upon filing disability applications and seek work in the private sector. In contrast, permitting persons to receive disability retirement during the review period, even though they continue working for the county, promotes efficiency in public service. It motivates experienced employees, unable to serve in their former positions, to utilize some of their skills and experience in other county jobs. If such an employee's retirement application is ultimately denied, he may decide to continue in county employment. For example, he may be offered a new position at his previous salary pursuant to Government Code section 31725.5.

We do not view Government Code section 31680's prohibition of compensation to retirees as controlling here. That section has generally been applied in instances where an employee has retired from public service and later seeks reinstatement in county employment. (See 68 Ops.Cal.Atty.Gen. 166 (1985); 46 Ops.Cal.Atty.Gen. 10 (1965).) ■ We conclude Puckett is entitled to a retirement allowance for the period his application was pending, commencing November 1983.

■ Our analysis does not end here, however. The trial court ruled Puckett was entitled to full disability retirement payments on top of his compensation at the second job. Puckett would thus receive more for that

period than he would have as a fire apparatus engineer. This ruling is erroneous since the award granted exceeds the amount Puckett originally requested from the Board, and results in a "double-dipping." Puckett should receive no more than an employee who continues in alternate county employment pursuant to Government Code section 31725.5, i.e. the difference between his compensation at his second county job and the higher salary at his former position.

## DISPOSITION

The order is reversed with instructions to the trial court to order a new writ of mandate consistent with the views expressed here.

Sonenshine, J., and Wallin, J., concurred.