Opinion
FRETZ, J.*
Facts
Plaintiffs, operators of a nursing home, were licensed by the state Department of Health Services. On February 14,1990, a class B citation (defined in Health & Saf. Code, § 424, subd. (d)) was issued alleging plaintiff had violated regulations governing the operation of the nursing home.
Plaintiffs contested the issuance of the citation. On June 15, 1990, they filed a complaint under section 1428, subdivision (c) of the Health and Safety Code to dismiss the citation.
On November 30, 1990, plaintiffs served the summons and "complaint on defendant. Defendant moved to quash service on the ground that it was untimely. The court held that it did not have authority to grant judicial relief from the failure to make timely service under Health and Safety Code section 1428, subdivision (c) where service was made more than 60 days after filing. The motion to quash was granted. From that ruling the plaintiffs appeal.
Issue
Is an exception granted in Health and Safety Code section 1428, subdivision (c) so that the court may grant judicial relief from the requirement that service be made within 60 days after filing civil action contesting a class B citation?
Health and Safety Code Section 1428, Subdivision (c)
“In order to perfect a judicial appeal of a contested citation, a licensee shall file a civil action in the municipal court in the county in which the *Supp. 4 long-term, health care facility is located. The action shall be filed no later than 60 calendar days after a licensee notifies the director that he or she intends to contest a citation, and served no later than 60 days after filing. ... If a judicial appeal is prosecuted under this subdivision, the state department shall have the burden of establishing by a preponderance of the evidence that (1) the alleged violation did occur, (2) the alleged violation met the criteria for the class of citation alleged, and (3) the assessed penalty was appropriate. The state department shall also have the burden of establishing by a preponderance of the evidence that the assessment of a civil penalty should be upheld. If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director’s designee within the time specified in this subdivision, or fails to file a civil action within the time specified in this subdivision, the citation or the decision by the director’s designee after a citation review conference shall be deemed a final order of the state department and shall not be subject to further administrative review, except that the licensee may seek judicial relief from the time limits specified in this subdivision. ” (Italics added.)
Discussion
We affirm.
It is the plaintiffs’ contention that the language in Health and Safety Code section 1428, subdivision (c), specifically the use of the words, “Except that the licensee may seek judicial relief from the time limits specified in this subdivision,” authorizes them to apply for relief from their untimely service. That argument ignores the overall language and structure of the statute, the intent of the Legislature, and the application of established principles of statutory construction.
Under those principles, qualifying words, phrases or clauses will ordinarily be construed as referring to the words, phrases and clauses immediately preceding, not to more remote words, phrases or clauses. (Addison v. Department of Motor Vehicles (1977) 69 Cal.App.3d 486, 496 [138 Cal.Rptr. 185].) Unless the context or evident meaning of the statute requires a different construction, the effect of a modifying clause applies to the last antecedent and not to more remote phrases. (Oliva v. Swoap (1976) 59 Cal.App.3d 130, 138 [130 Cal.Rptr. 411].) Where different language is used in different parts of the same statute, it must be presumed that the Legislature intended a different effect. (Charles S. v. Board of Education (1971) 20 Cal.App.3d 83, 95 [97 Cal.Rptr. 422].) In reviewing the language of a statute, it must also be presumed that the Legislature “knew that it was saying and meant what it said.” (Tracy v. Municipal Court (1978) 22 Cal 3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].)
*Supp. 5 When a statute contains an exception to a general rule, that exception is strictly construed and other exceptions are excluded. (Goins v. Board of Pension Commissioners (1979) 96 Cal.App.3d 1005, 1009 [158 Cal.Rptr. 470]; Harris v. Alcoholic Beverage Control Appeals Board (1962) 201 Cal.App.2d 567, 571 [20 Cal.Rptr. 227].)
Above all, the fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. If departure from the literal meaning of the text of a statute is necessary to effectuate the Legislature’s intent, that should be done. (H. S. Mann Corp v. Moody (1956) 144 Cal.App.2d 310, 320 [301 P.2d 28].) Once the Legislature’s intent has been ascertained, statutes must be given a reasonable construction which conforms to such intent. (English v. County of Alameda (1977) 70 Cal.App.3d 226, 234 [138 Cal.Rptr. 634].)
Applying these principles to the case at bar, it is clear that the Legislature intended the judicial relief exception to apply only to the 2 instances specified, i.e., failure to timely file a complaint (60 days) and failure to timely file notice of intent to contest (15 business days). The statement of that exception is immediately preceded by references to those two specific untimely events. The 60-day limitation on service is not even near the exception and, in fact, is separated from it by an intervening discussion related to "the burden of proof at trial. Had" the Legislature intended to allow judicial relief for untimely service, it easily could have so provided either by including late service in the existing provision, or in a separate sentence addressed to judicial relief. Because it did not, it must be assumed, as the municipal court held, that the Legislature intended to permit judicial relief only in the two instances specified.
The ruling below granting the motion to quash service is affirmed.
Champlin, P. J., and Keane, J.,* concurred.

Retired judge of the Merced Superior Court sitting under assignment by the Chairperson of the Judicial Council.

Retired judge of the Sierra Superior Court sitting under assignment by the Chairperson of the Judicial Council.