**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY COLLIER, | No. 12-16256 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01760-SC |
| v. | |
| RELIASTAR LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| WENDY COLLIER, | No. 12-16827 |
| Plaintiff - Appellee, | D.C. No. 3:11-cv-01760-SC |
| v. | |
| RELIASTAR LIFE INSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted August 15, 2014
San Francisco, California

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA, District Judge.[**]

Wendy Collier appeals from the district court's grant of summary judgment to Reliastar on her claims for intentional infliction of emotional distress and bad faith. On cross-appeal, Reliastar contends that Collier's claim for breach of contract was barred by collateral estoppel. Because the parties are familiar with the facts of the case, we do not recite them here.

## I. Collateral Estoppel

On de novo review, *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010), we conclude that Collier's claims were barred by collateral estoppel because the hearing before the Marin County Employees' Retirement Association (MCERA) would be accorded "preclusive effect" under California law, *Univ. Of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986).

California accords an administrative proceeding preclusive effect if: (1) the administrative hearing provided the party against whom it is being used a full and fair opportunity to litigate its case; (2) the traditional requirements of collateral estoppel are met; and (3) according preclusive effect comports with the public

---

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

policy goals of the doctrine of collateral estoppel. *People v. Garcia*, 141 P.3d 197, 200-03 (Cal. 2006).

The MCERA hearing provided Collier with a full and fair opportunity to litigate her case. The proceedings included "a hearing before an impartial decision maker; testimony given under oath or affirmation; [the] ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision." *Pac. Lumber Co. v. State Water Res. Control Bd.*, 126 P.3d 1040, 1054-55 (Cal. 2006). We reject Collier's argument that the hearing was not a fair opportunity to litigate her claims because she experienced pain and fatigue while representing herself during the proceedings. Her failure to make full use of the opportunities provided during the MCERA hearing—including the opportunity to be represented by counsel—does not strip it of preclusive effect.

The "traditional requirements" of collateral estoppel were also met. *Garcia*, 141 P.3d at 201. Although Collier contends otherwise, the issues before the district court were identical to those decided in the MCERA hearing. At the MCERA hearing, Collier was required to prove "to the satisfaction of the board" that she could not perform her occupation. Cal. Gov't Code § 31724. In the

3

district court, Collier was required to prove by a preponderance of the evidence that she was unable to "perform with reasonable continuity all of the essential duties of any gainful occupation." We interpret "to the satisfaction of the board" to require a burden of proof not greater than "by a preponderance of the evidence." *See Doe v. Dep't of Justice*, 565 F.3d 1375, 1384 (Fed. Cir. 2009) (equating "to the satisfaction of the board" with "by a preponderance of the evidence"); *see also Goins v. Bd. of Pension Comm'rs*, 96 Cal. App. 3d 1005, 1009 (1979) (stating that pension statutes like section 31724 "are to be liberally construed in favor of an applicant so as to effectuate the purpose of providing benefits to an employee and his family"). Because both the burden of proof and the standard for proving disability were more favorable to Collier at the MCERA hearing than the district court, an identity of issues existed.

Finally, according the MCERA hearing preclusive effect in this situation comports with public policies underlying the doctrine of collateral estoppel. *See Vandenberg v. Superior Court*, 982 P.2d 229, 237 (Cal. 1999).

We REVERSE the district court's denial of summary judgment on this issue.

## II. Bad Faith

Under California law, an insurer is not liable for bad faith if its rejection of a claim is based on "a legitimate dispute as to the insurer's liability under California

4

law." *Tomaselli v. Transamerica Ins. Co.*, 31 Cal. Rptr. 2d 433, 440 (Ct. App. 1994). As we have noted, such a bad faith claim "can be dismissed on summary judgment if the defendant can show that there was a genuine dispute as to coverage." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). The record here makes clear that there was a genuine dispute as to whether Collier's condition merited benefits under the insurance policy. We AFFIRM the district court's grant of summary judgment on this claim.

## III. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress in California, the plaintiff must show that the defendant's conduct was "outrageous," which is defined as conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Schlauch v. Hartford Accident & Indem. Co.*, 146 Cal. App. 3d 926, 936 (1983). We agree with the district court that Collier failed to make out a genuine issue of material fact as to whether Reliastar's conduct was "outrageous." We AFFIRM the district court's denial of summary judgment on this claim.

Costs are awarded to Reliastar. AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

5