Filed 5/19/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STACIE HARROLD,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>LEVI STRAUSS & CO. et al.,<br><br>       Defendants and Respondents. | A142747<br><br>(Napa County<br>Super. Ct. No. 26-60136) |

Plaintiff Stacie Harrold appeals from an order denying her motion to certify a class in her action against Levi Strauss & Co. and Levi's Only Stores, Inc. (collectively, Levi's) for requesting and recording email addresses from customers paying for purchases with a credit card, allegedly in violation of the Song-Beverly Credit Card Act of 1971 (Civ. Code, § 1747 et seq.)[1] (the Act), specifically section 1747.08. The trial court determined that plaintiff's complaint fails to satisfy the requirements for certification of a class, based on its conclusion that section 1747.08 does not prohibit the collection of personal identification information once a credit card transaction has been concluded. The appeal turns on the correctness of this interpretation of the Act. Since we conclude the trial court correctly interpreted the statute, we shall affirm the order denying class certification.

**Background**

Plaintiff's first amended complaint alleges that "plaintiff entered into a credit card purchase transaction with defendants, which did not involve mail order, shipping or cash advances. However, as part of defendants' information capture policy, and in conjunction

---

[1] All statutory references are to the Civil Code.

1

with the credit card sales transaction, plaintiff was asked for personal identification information, in the form of her email address, by defendants' employee attending to the transaction. [¶] . . . Plaintiff provided the requested personal identification information, which was entered into the electronic sales register at the checkout counter adjacent to both defendants' employee and plaintiff." The amended complaint continued: "Defendants' conduct as alleged herein expressly violated California Civil Code section 1747.08. Civil Code section 1747.08(a)(2) provides, in relevant part, that: [N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . . *request*, or require as a condition to accepting the credit card as payment in full or in part for goods or services, *the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.* (emphasis added)." For purposes of this appeal, Levi's has assumed, as shall we, that an email address is "personal identification information" within the meaning of this provision.[2]

The amended complaint defines the purported class as "all persons from whom defendants requested and recorded personal identification information in conjunction with a credit card purchase transaction at a California retail store during [a defined time period]." [3]

In support of her motion for certification of such a class plaintiff submitted her own declaration in which she stated: "On July 14, 2012, I visited the Levi's store in Napa, California. [¶] . . . On that occasion, after selecting the items that I intended to

---

[2] Section 1747.08, subdivision (b) provides: "For purposes of this section, 'personal identification information' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number." (See *Powers v. Pottery Barn, Inc.* (2009) 177 Cal.App.4th 1039 [email addresses].)

[3] The purported class excluded persons using credit cards issued to a business, persons coming within the scope of certain exceptions contained in section 1747.08, subdivision (c), and persons connected in defined ways to Levi's and its affiliates. None of these exclusions is relevant to the present controversy.

2

purchase, I proceeded to the cashier's section of Levi's store to pay for the merchandise using a credit card. After I provided the items to the cashier at the register, the cashier informed me of the amount due. I then paid for the merchandise using my credit card. [¶] . . . While I was standing at the cash register for my credit card purchase transaction, Levi's cashier requested my email address. Per the cashier's request, I provided the cashier with my email address." At her deposition, plaintiff testified she did not recall whether the request was made before or after she had signed for the purchase but that it was before the purchased merchandise was bagged and handed to her.

The papers submitted in support of and in opposition to the class certification motion indicate that Levi's conducts an email marketing program and has a written policy concerning precisely when and how store clerks should request from customers their email address for inclusion in the program. The documents articulating this policy have been filed under seal, so that we shall not here recite the particulars, but it is undisputed that under this policy the customer's email address is not to be requested until after the credit card purchase transaction has been completed. Except to the extent that plaintiff's testimony may indicate a departure from this policy in the case of her purchase, no evidence was submitted indicating that the policy is not universally followed. Levi's submitted substantial evidence to the effect that employees are trained to adhere to this policy and that they "always wait[] until the receipt is printed, handed over to the customer and the merchandise is bagged before providing customers the opportunity to join the email program" and requesting their email address. Except for plaintiff's testimony, the record contains no evidence of instances in which the policy has not been observed.

In denying class certification, the trial court held that section 1747.08 prohibits requests for personal identification information only "as a condition to accepting the credit card as payment" and that, therefore, such a request made after the credit card transaction has been completed does not violate the statute. Thus, class certification is not appropriate, the court ruled, because plaintiff failed to show that there is a numerous class of persons whose email addresses have been obtained in violation of the terms of the

3

statute. Moreover, since plaintiff has alleged that her email address was requested before the transaction was completed, contrary to the policy that the evidence shows was applied to all other Levi's customers, her claim is not typical of the claims of other purported class members.

Plaintiff has timely appealed from the order denying class certification.[4]

**Discussion**

Plaintiff contends that the trial court's ruling is based on an incorrect interpretation of section 1747.08. Plaintiff argues that "[r]egardless of when the cashier obtains a credit card customer's [personal identification information], whether it is prior to handing the customer the receipt and merchandise or a split second after, the retailer is still amassing unnecessary [personal identification information]. . . . [¶] Regardless of whether [Levi's] requested a credit card customer's [personal identification information] at the beginning, middle, or end of the transaction, it still violated section 1747.08. A violation of section 1747.08 occurs when a retailer requests and records [personal identification information] from a customer who pays by credit card."

"The Song-Beverly Credit Card Act of 1971 . . . is 'designed to promote consumer protection.' [Citation.] One of its provisions, section 1747.08, prohibits businesses from requesting that cardholders provide 'personal identification information' *during credit card transactions*, and then recording that information." (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 527, italics added, citing Civ. Code, § 1747.08, subd. (a)(2).)[5] We agree with plaintiff that the prohibition applies at all times during and

---

[4] The order is an appealable order. (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435.)

[5] Section 1747.08, subdivision (a) provides, in pertinent part: "[N]o person, firm, partnership, association, or corporation that accepts credit cards for the transaction of business shall . . . . [¶] . . . [¶] (2) Request, or require *as a condition to accepting the credit card as payment in full or in part for goods or services*, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise." (Italics added.)

4

prior to the completion of a credit card transaction. However, there is no support for her contention that the prohibition continues beyond that point.

Plaintiff does not dispute that a credit card purchase may reasonably be considered to have been concluded when the customer receives a receipt for the purchase, following acceptance of the credit card, and the merchandise has been delivered to the customer. Levi's policy does not permit the sales clerk to ask the customer about joining its email program or to request the customer's email address prior to that point. The transaction having been concluded, such a request cannot reasonably be considered—by the customer or by anyone else—as a condition of acceptance of the credit card as a form of payment.

Plaintiff contends that the phrase "as a condition to accepting the credit card as payment in full or in part for goods or services" qualifies only the prohibition of "requiring" the submission of personal identification information as a condition to acceptance of the credit card for payment. She argues that this phrase does not qualify the prohibition of "requesting" such information from credit card customers. Plaintiff argues that this interpretation is required by the "last antecedent rule" of statutory interpretation under which by virtue of the comma following the word "request" in section 1747.08, subdivision (a)(2) (see fn. 4, *ante*), the "as a condition" clause qualifies only the word "require." (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.) Under this reading, the statute imposes an absolute prohibition on requesting personal identification information from credit card customers. However, as *White* recognizes, there are two exceptions to this rule of statutory construction. First, the rule does not apply if the clause in question is equally applicable to the words before and after the comma. (*Id.* at pp. 680-681.) And secondly, the rule does not apply ' "[w]here the sense of the entire act requires that a qualifying word or phrase apply to several preceding wo[r]ds.' " (*Id.* at p. 681; see also the second case on which plaintiff relies, *Demchuk v. State Dept. of Health Services* (1991) 4 Cal.App.4th Supp. 1, 4 [rule inapplicable if "the context or evident meaning of the statute requires a different construction"].)

5

Both exceptions apply in the present case. As our Supreme Court explained in *Pineda v. Williams-Sonoma Stores, Inc., supra,* 51 Cal.4th at page 535, "the 1990 version of former section 1747.8 [now section 1747.08] forbade businesses from 'requir[ing] the cardholder, as a condition to accepting the credit card, to provide personal identification information . . . .' (Stats. 1990, ch. 999, § 1, p. 4191.) In 1991, the provision was broadened, forbidding businesses from '[*r*]*equest*[*ing*], *or* requir[ing] as a condition to accepting the credit card . . . , the cardholder to provide personal identification information . . . .' (Stats. 1991, ch. 1089, § 2, p. 5042, italics added.) 'The obvious purpose of the 1991 amendment was to prevent retailers from "requesting" personal identification information and then matching it with the consumer's credit card number.' [Citation.] '[T]he 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data "voluntarily." ' ' " Thus, the very purpose of adding "request" to the statute was to apply the prohibition against conditioning the acceptance of a customer's credit card to a request as well as to a requirement. The clause clearly was intended to apply to both a request and a requirement. As the Court of Appeal recognized in *Absher v. AutoZone, Inc.* (2008) 164 Cal.App.4th 332, 342, citing legislative history to the 1991 amendment,[6] the Legislature's "stated purpose" of the amendment "was to clarify that merchants 'may neither require *nor request*, as a condition to accepting the credit card, the taking or recording of personal identification information from the cardholder.' " (*Id.* at p. 342, italics added.)

Moreover, while the statute is intended to protect consumer privacy and to prohibit merchants from obtaining personal identification information under the mistaken impression the information is required to process a credit card transaction, the Act is not intended to forbid merchants from obtaining such information voluntarily, if the customer understands that the information need not be disclosed in order to use a credit card. Neither the legislative history nor the cases that have interpreted the statute indicate that

---

[6] (Assem. Com. on Banking, Finance and Public Indebtedness, Rep. on Assem. Bill No. 1477 (1991-1992 Reg. Sess.) May 13, 1991.)

the Act prohibits merchants from requesting personal identification information if the request is not made under circumstances suggesting that a credit card will not be accepted as payment without such information. The statute "dovetails with policy by prohibiting the solicitation of information obtained under the false pretense that the transaction cannot or will not be completed without it." (*Florenz v. Linens 'N Things, Inc.* (2003) 108 Cal.App.4th 447, 452.) "As evidenced by the 1991 amendment, section 1747.8 [now section 1747.08] is designed to prevent a 'request' for personal information, because a customer might perceive that request as a condition of credit card payment. In effect, the 1991 amendment prevents a retailer from making an end-run around the law by claiming the customer furnished personal identification data 'voluntarily.' In fact, the Enrolled Bill Report of the California Department of Consumer Affairs, Assembly Bill No. 1477 (1991-1992 Reg. Sess.), specifically addressed this problem, noting '[t]his bill would prohibit requesting *or* requiring that information.' As we read it, the legislative intent suggests the 1991 amendment simply clarified that a 'request' for personal identification information was prohibited if it immediately preceded the credit card transaction, even if the consumer's response was voluntary and made only for marketing purposes." (*Id.* at p. 453.) And more recently in *Apple, Inc. v. Superior Court* (2013) 56 Cal.4th 128, 139-140, our Supreme Court observed that an analysis in a report of the Senate Committee on Judiciary noted that "the 'problem' the bill was designed to address was retailer's practice of leading consumers 'to mistakenly believe that [personal identification information] is a necessary condition to complete the credit card transaction, when, in fact, it is not' " and then using the information for the retailer's own business purposes.

Several courts, both state and federal, have recognized that the Act does not preclude merchants from operating email marketing programs and requesting consumers to voluntarily provide their email addresses or other identification information for use in such programs. In *Florenz,* the Court of Appeal expressly noted "that nothing prevents a retailer from soliciting a consumer's address and telephone number for a store's mailing list, if that information is provided voluntarily." (*Florenz v. Linens 'N Things, Inc., supra,* 108 Cal.App.4th at p. 451.) In *Gass v. Best Buy Co., Inc.* (C.D. Cal. 2012) 279 F.R.D.

561, the district court embraced that view, noting that if the phrase "as a condition to accepting the credit card" does not apply to the word "request," "then nothing ties a violation of the Act to a credit card transaction at all. . . . Such a construction would mean that no business in California that accepts credit cards as payment can maintain a mailing list." (*Id.* at pp. 569-570, bold deleted.) The district court rejected this interpretation of the statute. In denying an overly broad motion for class certification the court held that the statute is violated only if the request is made under circumstances in which the customer could perceive the request for personal identification as a condition of completing a credit transaction. Indeed, the court did not limit the circumstances under which the request may properly be made to requests following completion of the credit card transaction, but ruled that if "[a] business requests a customer's [personal identification information] during a credit card transaction, but does so in a manner such that no reasonable customer could perceive the request as a condition for the business accepting the credit card," the Act is not violated. (*Id.* at pp. 570-572.) In *Gormley v. Nike, Inc.* (N.D.Cal., Jan. 28, 2013, No. C 11-893 SI) 2013 U.S. Dist. Lexis 11278, the retailer's policy, very similar to Levi's policy, provided that credit card customers were not to be asked for personal identification information "until after the credit card was authorized and the receipt was printing" (*id.* at p. *5). The district court rejected the plaintiffs' contention that requests for personal identification information made in compliance with this policy violated the statute and that the Act prohibits any request for such information in conjunction with a credit card transaction. The court thus denied a motion for class certification on the ground that the named plaintiffs, who alleged that the policy had not been observed when their personal information was requested, were not typical of the purported class. The court held that the legality of the store's action depended on "whether a consumer would perceive the store's request . . . as a condition of the use of a credit card." (*Id.* at pp. **24-25; see also, e.g., *Rothman v. General Nutrition Corp.* (C.D.Cal., Nov. 17, 2011, No. CV 11-03617 SJO (RZx)) 2011 U.S.Dist. Lexis 134515, pp. **16-17 ["[I]f the personal information is requested as opposed to required, whether there has been a violation of the Act would depend upon whether the

individual consumer reasonably believed that providing his personal information was a condition of consummating the credit card transaction."].)

Thus, consistent with all prior reported decisions, we conclude that the trial court correctly refused to certify a class in this action. In this case the merits of plaintiff's claim are "enmeshed with class action requirements." (*Linder v. Thrifty Oil Co., supra*, 23 Cal.4th 429, 443.) Were plaintiff correct that Levi's violated the Act by requesting email addresses from any customer using a credit card for payment, regardless of whether the credit card had already been approved and the transaction concluded, the requirements of a class action might well be satisfied. However, since the Act is violated only if the request is made under circumstances in which the customer could reasonably understand that the email address was required to process the credit card transaction, and since such an understanding could not reasonably be conveyed by a request made after the transaction has been concluded, those requirements are not met. Plaintiff has made no showing that there are numerous, or indeed any, customers other than herself from whom Levi's has requested email addresses in nonconformity with company policy — i.e., prior to the completion of a credit card transaction. Thus plaintiff has failed to establish the necessary numerosity, the existence of an ascertainable class, or that her claim is typical of the purported class she seeks to represent. (See, e.g., *id.* at p. 435.)

## Disposition

The order denying class certification is affirmed. Levi's motion for sanctions is denied.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

Trial Court:                                  Napa County Superior Court

Trial Judge:                                  Hon. Diane M. Price

Counsel for Plaintiff and Appellant:          STONEBARGER LAW, APC
                                              Gene J. Stonebarger
                                              PATTERSON LAW GROUP
                                              James K. Patterson

                                              ATKINS & DAVIDSON, APC
                                              Todd C. Atkins for The Consumer Federation of
                                              California as amicus curiae on behalf of appellant.


Counsel for Defendants and                    SHEPPARD, MULLIN, RICHTER &
Respondents:                                  HAMPTON LLP
                                              P. Craig Cardon
                                              Brian R. Blackman,
                                              Elizabeth S. Barcohana

                                              NORTON ROSE FULBRIGHT
                                              Jeffrey B. Bargulies and Lauren A. Shoor for
                                              California Retailers Association as amicus curiae
                                              on behalf of respondents.