Filed 9/9/14  RCCA-Westwood v. Dept. of Public Health CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RCCA-WESTWOOD, | C069836 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV26833) |
| v. | |
| DEPARTMENT OF PUBLIC HEALTH, | |
| Defendant and Respondent. | |

Plaintiff RCCA-Westwood, a licensed long-term care facility, sought judicial review after being cited for health and safety violations by defendant Department of Public Health (DPH) and losing its initial administrative appeal in a "citation review conference" (CRC).  (Health & Saf. Code, § 1424 et seq.[1])  The trial court granted summary judgment to DPH on the ground that plaintiff failed to file its lawsuit within the statutory deadline of the applicable statute, former section 1428 (Stats. 2005, ch. 56,

---

[1]     Undesignated statutory references are to the Health and Safety Code.

1

§ 1).[2] Plaintiff appeals from the judgment, arguing the trial court misconstrued former section 1428 and abused its discretion in denying plaintiff relief from untimeliness under former section 1428 or Code of Civil Procedure section 473.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a licensed long-term care facility subject to regulation by DPH under the Long-Term Care, Health, Safety, and Security Act of 1973 (§ 1417 et seq.). The Act establishes a citation system "for the imposition of prompt and effective civil sanctions against long-term health care facilities in violation of the laws and regulations of this state, and the federal laws and regulations as applicable . . . ." (§ 1417.1.) Funds collected from imposition of monetary sanctions, after offset of DPH costs, are used for the protection of long-term care residents. (§ 1417.2.)

On January 15, 2009, DPH issued plaintiff a Class "A"[3] citation with a $10,000 penalty. The citation said plaintiff failed to ensure that Client A's rights were protected when he was not provided specified care and services and was subjected to neglect between October 3, 2006 and October 30, 2006.

---

[2]     The Legislature has since amended section 1428 to eliminate the administrative appeal process (Stats. 2011, ch. 729, § 5), but the former version of the statute continues to apply to this case by virtue of current section 1428, subdivision (m), which provides: "If a licensee exercises its right to a [CRC] prior to January 1, 2012, the [CRC] and all notices, reviews, and appeals thereof shall be conducted pursuant to this section as it read on December 31, 2011. (Stats. 2011, ch. 729, § 5.)

[3]     Class "A" refers to violations that present either "(1) imminent danger that death or serious harm to the patients or residents of the long-term health care facility would result therefrom, or (2) substantial probability that death or serious physical harm to patients or residents of the long-term health care facility would result therefrom." (§ 1424, subd. (d).)

2

On January 21, 2009, plaintiff submitted a timely request to DPH for a CRC under former section 1428, subdivision (b).**4**

On December 14, 2009, the administrative hearing officer, as the designee of the DPH director, issued a decision upholding the citation and penalty assessment. (Former § 1428, subd. (a).)

---

**4** At the time, former section 1428, subdivision (b) offered licensees three options to challenge a Class "A" or "AA" citation: (1) an administrative appeal [the CRC] before pursuing a judicial appeal, (2) a judicial appeal after the CRC, and (3) a direct appeal to the superior court without a CRC. That same subdivision provided the time limitation for seeking a judicial appeal after the CRC and without a CRC. Pursuant to former section 1428, subdivision (b), all options required that the licensee provide DPH notice of its intent to contest the citation.

In pertinent part, subdivision (b), provided: ". . . [T]he licensee may . . . within 15 business days after service of the citation, notify the director in writing of his or her request for a [CRC]. The licensee shall inform the director in writing, within 15 business days of the service of the citation or the receipt of the decision of the director's designee after the [CRC], of the licensee's intent to adjudicate the validity of the citation in the superior court in the county in which the long-term health care facility is located. *In order to perfect a judicial appeal of a contested citation, a licensee shall file a civil action in the superior court in the county in which the long-term health care facility is located. The action shall be filed no later than 90 calendar days after a licensee notifies the director that he or she intends to contest the citation, or no later than 90 days after the receipt of the decision by the director's designee after the [CRC], and served not later than 90 days after filing. . . .*" (Stats. 2005, ch. 56, § 1, italics added.) Under this former version, if the licensee chose to go directly to court, the deadline for filing was 90 days after giving notice of intent to contest to the director, while if the licensee chose the CRC option first, then a subsequent court complaint would have to be filed within 90 days after the CRC decision. (*Waterman Convalescent Hospital, Inc. v. State Dept. of Health Services* (2002) 101 Cal.App.4th 1433, 1438) [holding that where a request for CRC is withdrawn--a circumstance not addressed by the statute--the limitations period does not begin to run until the request for CRC is withdrawn].)

The current version completely eliminates the CRC process and states, ". . . The action shall be filed no later than 90 calendar days after a licensee notifies the director that he or she intends to contest the citation, and served not later than 90 days after filing. . . ." (§ 1428, subd. (b).)

3

On December 22, 2009, plaintiff gave DPH timely notice that plaintiff would appeal the citation in superior court.

On March 25, 2010, plaintiff filed the complaint. Plaintiff acknowledges it filed the complaint 11 days late under former section 1428, subdivision (b) (see fn. 4, *ante*), which required plaintiff to file the complaint within 90 days after receipt of the CRC decision. According to a declaration by Michael Cutchshaw, vice-president for Res-Care, Inc., which operated RCCA-Westwood: "Due to an inadvertent error in the processing and handling of the information regarding this Citation by its staff which resulted in the paperwork being misfiled and misdirected, there was a short delay in transmitting the information and paperwork regarding this Citation to [plaintiff's] outside counsel."

On May 26, 2010, DPH filed an answer asserting as an affirmative defense that the complaint was untimely under former section 1428.

The following year, on April 6, 2011, DPH moved for summary judgment on the ground that the complaint was barred by the 90-day statute of limitations in former section 1428, subdivision (b). (See fn. 4, *ante*.) DPH's separate statement of undisputed facts included the following facts admitted by plaintiff in discovery: (1) plaintiff received the CRC decision on December 14, 2009, and (2) plaintiff filed its complaint on March 25, 2010, which was 101 days after receiving the CRC decision.

On April 21, 2011, plaintiff filed an ex parte application for an order shortening time for a hearing on a motion for judicial relief from the time limits under former Health and Safety Code section 1428, subdivision (e),[5] and Code of Civil Procedure section

---

[5] Former section 1428, subdivision (e), stated in pertinent part, "If an appeal is prosecuted under this section, *including an appeal taken in accordance with Section 100171 [administrative appeal of CRC decision to administrative law judge]*, the department shall have the burden of establishing by a preponderance of the evidence that (1) the alleged violation did occur, (2) the alleged violation met the criteria for the class of citation alleged, and (3) the assessed penalty was appropriate. The department shall also have the burden of establishing by a preponderance of the evidence that the

4

473.[6] The court set the motion for relief to be heard before the summary judgment motion.

Plaintiff submitted its vice-president's declaration attesting that plaintiff missed the deadline because of "inadvertent error in the processing and handling of the information regarding this Citation by its staff which resulted in the paperwork being misfiled and misdirected." The declaration asserted that pursuant to former section 1428.2, DPH was supposed to conduct a CRC within 35 days of a request, but DPH delayed more than eight months. Plaintiff's lawyer submitted a declaration asserting that, despite section 1423, which required DPH to issue any citation within three days of completing its investigation, DPH did not issue the citation until three years after its investigation and several months after its notice of intent to cite.

Plaintiff argued in its motion for relief from the time limits that it missed the deadline by only a small amount of time, due to its inadvertent mistake in misfiling and misdirecting the paperwork, and substantially complied with section 1428, because it filed the complaint before expiration of the time to *serve* the complaint, and it timely *served* the complaint on DPH. Plaintiff argued DPH would not be prejudiced by the grant of relief, because DPH itself broke all of the statutory timelines for its own actions,

---

assessment of a civil penalty should be upheld. If a licensee *fails to notify* the director in writing that *he or she intends to contest the citation, or the proposed assessment of a civil penalty therefor, or the decision made by the director's designee, after a [CRC]*, *within the time specified in this section*, the decision by the director's designee after a [CRC] shall be deemed a final order of the department and *shall not be subject to further administrative review, except that the licensee may seek judicial relief from the time limits specified in this section. . . . .*" (Stats. 2005, ch. 56, § 1, italics added.)

[6]     Code of Civil Procedure section 473, subdivision (b), provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ."

including a 30-day delay in issuing its CRC decision, whereas plaintiff merely missed one "inconsequential" deadline.  Plaintiff argued these delays were DPH's "own doing" but failed to submit any evidence.  Plaintiff argued DPH "should be estopped from raising [plaintiff's] noncompliance with the filing deadline . . . because of its own far greater non-compliance with timing deadlines . . . ."  No authority supporting an estoppel was cited.  Plaintiff argued the trial court should allow the case to be tried on the merits rather than be dismissed on "an inconsequential technicality."

DPH opposed relief, arguing section 1428, subdivision (e) afforded judicial relief only from administrative timelines relating to the requirement that the licensee give DPH notice of intent to contest the citation, assessment, or CRC decision, not the limitations period for filing a complaint in court.  DPH noted plaintiff presented no evidence that the delays in the citation and CRC process were caused by DPH rather than plaintiff, and no evidence of any objection by plaintiff--which was the party that had the most to gain from delay since it would not have to pay the $10,000 penalty assessment until all litigation was complete under section 1424, subdivision (e).  DPH said its own delays did not violate any statute of limitations, but rather timelines for administrative action, the violation of which did not invalidate its administrative action,[7] and plaintiff's remedy was to seek mandate to compel compliance with the administrative timelines, which plaintiff of course did not do because plaintiff benefited from the delay, postponing the day when it would have to pay the penalty assessment.  DPH also argued that equitable relief from a statute of limitations is not available under Code of Civil Procedure section 473 but, even if it was available, it should not be granted because plaintiff waited more than a year after DPH's answer was filed and did not seek relief until the summary

---

[7]     While DPH cited authority for this proposition, the motion for relief did not seek an order declaring the citation invalid.  Rather, plaintiff argued DPH's noncompliance should estop it from opposing a grant of relief to plaintiff.

judgment motion was filed. DPH argued the patients protected under the Act would be prejudiced if the court granted relief.

Plaintiff filed a reply, which offered no explanation for its delay in seeking relief, but instead simply argued that the six-month period for seeking relief from a dismissal or judgment under Code of Civil Procedure section 473 would not begin to run until the opposing party filed a motion for dismissal or took some action to have judgment entered.

On July 29, 2011, after a hearing, the trial court issued its order denying plaintiff's motion for relief, stating (1) former section 1428, subdivision (e)'s reference about judicial relief from the timelines applied only to the administrative timelines related to filing a notice of intent to contest the citation or penalty assessment or CRC decision, *not* to the deadline for filing the complaint in court, and (2) even assuming the statute permitted judicial relief from the 90-day limitations period, such relief would be permissive and the trial court would decline to grant it. The court stated: "Plaintiff has been on notice that Defendant was asserting the complaint was not timely filed since May 25, 2010, when Defendant[] filed its answer. Plaintiff has provided no explanation, much less a reasonable explanation, for its delay of more than one year in seeking relief from that 90-day filing deadline since being put on notice of Defendant's assertion of the statute of limitation[s] as an affirmative defense. Although not controlling, the court finds that the six-month period for relief under CCP § 473 is a valid basis for finding that Plaintiff's one-year delay in seeking relief was unreasonable. Thus, the court declines to grant Plaintiff relief from the 90-day deadline under Health and Safety Code section 1428(e), assuming that the court has authority to grant such relief in the first place."

Meanwhile, on June 28, 2011, the date of the hearing on the motion for relief, plaintiff filed an opposition to the summary judgment motion, on the grounds that the time limit for *filing* the court complaint was inconsequential where the complaint was filed before expiration of the time for *service* of the complaint, and the complaint was

timely served, and the trial court should grant relief. The opposition to summary judgment also reiterated points made in the motion for relief.

DPH filed a reply brief in support of summary judgment, arguing that plaintiff had admitted the material facts showing the complaint was untimely, and the trial court had denied the motion for relief.

The trial court granted summary judgment to DPH on the ground that the complaint was barred by the 90-day limitations period for filing the complaint. The trial court reiterated its determination that the "judicial relief" afforded by former section 1428, subdivision (e), did not apply to the deadline for filing the complaint and, even if the court had discretion to grant relief it would decline to do so.

The trial court entered judgment.

## DISCUSSION

### I. Standards of Review

Interpretation of a statute presents a question of law, which we review de novo.[8] (*People ex rel. Lockyer v. Shamrock Foods Co*. (2000) 24 Cal.4th 415, 432.)

We also apply de novo review to summary judgment. (*Kahn v. East Side Union High School Dist*. (2003) 31 Cal.4th 990, 1003.) A motion for summary judgment should be granted if the submitted papers show that "there is no triable issue as to any material fact," and that the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant meets his burden of showing that a cause of action has no merit if he shows that there is a complete defense. (Code Civ. Proc., § 437c, subd.

---

[8] DPH cites authority that an agency's interpretation of statutes within its administrative jurisdiction is given presumptive value due to the agency's presumed expertise. However, that rule applies when an agency takes administrative action based on the agency's interpretation of a statute. (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7-8.) The issue here--judicial application of a statute of limitations for filing a court complaint--is not a matter for which we defer to agency expertise.

8

(p)(2).)  On appeal, " 'First, we identify the issues raised by the pleadings, since it is these allegations to which the motion must respond; secondly, we determine whether the moving party's showing has established facts which negate the opponent's claims and justify a judgment in movant's favor; when a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.' " (*Waschek v. Dept. of Motor Vehicles* (1997) 59 Cal.App.4th 640, 644.)

We review the trial court's denial of discretionary relief under an abuse of discretion standard, which requires that we determine whether the trial court exceeded all bounds of reason under the circumstances.  (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 (*State Farm*).)

## II.  Former Section 1428

### A.  Statutory Construction

Plaintiff contends that it was entitled to judicial relief under former section 1428, subdivision (e) for its failure to file its complaint in superior court within the 90-day time limit specified in former section 1428, subdivision (b).  We disagree.  We conclude that the judicial relief provided by the Legislature in former section 1428, subdivision (e) applies only to a licensee's failure to provide notice to DPH of its intent to contest the citation or penalty assessment or CRC decision within the time periods specified to provide such notice.

"Statutes of limitations are generally regarded as inflexible and are enforced regardless of personal hardship, and although some limitations statutes provide for an extension of the limitations period on a showing of good cause, 'where the statute lacks an explicit provision for extension, ". . . it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under [Code of Civil Procedure] section 473. [Citation.]" ' [Citation.]" (*Sprague v. County of San Diego* (2003) 106 Cal.App.4th 119, 135.)  Former section 1428, subdivision (b) (see fn. 4, *ante*) contained a statute of

9

limitations, by stating, "In order to perfect a judicial appeal of a contested citation, a licensee shall file a civil action in the superior court . . . . The action shall be filed no later than . . . 90 days after the receipt of the [CRC] decision . . . ."

Plaintiff argues judicial relief from this filing deadline was afforded by former section 1428, subdivision (e) (see fn. 5, *ante*) which provided that "If a licensee *fails to notify* the director in writing that he or she *intends to contest the citation, or the proposed assessment of a civil penalty therefor, or the decision* made by the director's designee, after a [CRC], *within the time specified in this section*, [the CRC decision] shall be deemed a final order of the department *and shall not be subject to further administrative review*, except that the licensee *may seek judicial relief from the time limits specified in this section*." (Italics added.) At the time in question, the time limits for notifying the director of intent to contest a Class "A" citation, penalty assessment, or CRC decision were set forth in former section 1428, subdivision (b). ( Stats. 2005, ch. 56, § 1.)

Plaintiff argues that because the Legislature used the word "section" rather than "subdivision," in former section 1428, subdivision (e), judicial relief is available for any of the time limits in former section 1428, which includes subdivision (b)'s 90-day limit for filing a complaint. Plaintiff argues, "The Legislature clearly expressed its intention for judicial discretion to reach beyond subdivision (e) when it used the words 'this section,' which can only mean Section 1428 as a whole." Plaintiff claims its interpretation is supported by the Legislature's action in 1993, changing the word from "subdivision" to "section." We reject plaintiff's interpretation, which overlooks both the language of subdivision (e) and the history of the statute.

Plaintiff's interpretation asks us to focus myopically on the single word "section." To do so would be inconsistent with the rule of statutory construction which provides that the meaning of a statute cannot be determined from a single word; the words must be construed in context. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

10

"Where, as here, the issue presented is one of statutory construction, our fundamental task is 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citations.] We begin by examining the statutory language because it generally is the most reliable indicator of legislative intent. [Citation.] We give the language its usual and ordinary meaning, and 'if there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.] If, however, the statutory language is ambiguous, 'we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.' [Citation.] Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute. [Citations.] Any interpretation that would lead to absurd consequences is to be avoided. [Citation.]" (*Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227.)

In our view, the language of the statute is unambiguous. The provision for "judicial relief" in former section 1428, subdivision (e) must be read in context with the entire subdivision. (*Lungren v. Deukmejian, supra*, 45 Cal.3d at p. 735 [words must be construed in context]; *White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [qualifying phrases are to be applied to the phrases immediately preceding and not others more remote].) In context, it is clear that the provision for judicial relief from time limits refers to the time limits for the licensee to give written notice to the DPH director.

As can be seen, the text of subdivision (e) of former section 1428 (see fn. 5, *ante*) is about "appeals" (both administrative and judicial) of DPH decisions, the burden of proof in such appeals, and the consequence of a licensee's failure to give timely written notice to the DPH director. The subdivision specifies that "appeals" includes an appeal

11

pursuant to section 100171,[9] which authorizes administrative appeal of a CRC decision in a hearing before an administrative law judge (ALJ)--an option available for Class "B" violations. Under former section 1428, subdivision (c),[10] there are two types of administrative "appeals" for Class "B" citations--a request for a CRC and a section 100171 administrative appeal of an adverse CRC decision. Former section 1428, subdivision (b), authorizes "judicial appeal" of Class "A" (like the citation at issue here) or "AA" citations. Subdivision (e) of former section 1428 encompasses both judicial appeals and administrative appeals. Whether the licensee pursues judicial appeal or administrative appeal, the statute in both instances requires that the licensee give written notice within 15 business days to the DPH director (former § 1428, subds. (b), (c)).

---

[9]      Section 100171 provides in part: "Notwithstanding any other provision of law, whenever the department is authorized or required by statute, regulation, due process . . . or a contract, to conduct an adjudicative hearing leading to a final decision of the director or the department, the following shall apply: [¶] (a) The proceeding shall be conducted pursuant to the administrative adjudication provisions of [Chapter 4.5 or 5 of the Government Code]. [¶] (b) Notwithstanding Section 11502 of the Government Code, whenever the department conducts a hearing under [Chapter 4.5 or 5 of the Government Code], the hearing shall be conducted before an [ALJ] selected by the department and assigned to a hearing office that complies with the procedural requirements [of Chapter 4.5 of the Government Code commencing with Section 11400]. . . ."

[10]      Former section 1428, subdivision (c), states licensees who want to contest a Class "B" citation "may request, within 15 business days after service of the citation, a [CRC], by writing the director or the director's designee of the licensee's intent *to appeal* the citation through the [CRC]. If the licensee wishes to *appeal* the citation which has been upheld in a [CRC], the licensee shall, within 15 working days from the date the [CRC] decision was rendered, notify the director or the director's designee that he or she wishes to *appeal* the decision through the procedures set forth in Section 100171 or elects to submit the matter to binding arbitration in accordance with subdivision (d). The [ALJ] may affirm, modify, or dismiss the citation or the proposed assessment of a civil penalty. The licensee may choose to have his or her appeal heard by the [ALJ] or submit the matter to binding arbitration without having first appealed the decision to a [CRC] by notifying the director in writing within 15 business days of the service of the citation." (Italics added.)

12

The third sentence in subdivision (e) of former section 1428 governs what occurs if a licensee fails to provide the required notice. (See fn. 5, *ante.*) "If a licensee fails to notify the director in writing that he or she intends to contest the citation, or the proposed assessment of a civil penalty therefor, or the decision made by the director's designee, after a [CRC], within the time specified in this section, the decision by the director's designee after a [CRC] shall be deemed a final order of the department and shall not be subject to further administrative review, except that the licensee may seek judicial relief from the time limits specified in this section." The sentence speaks only of failure to give timely written notice to the director and then states that the consequence for this failure is that the CRC decision is deemed final and not subject to further administrative review, unless the court grants relief from the time limits "in this section." Thus, judicial relief is for untimely written notice to the director. Nothing in the sentence or the subdivision says anything about untimely filing of court action.

The flaw in plaintiff's reasoning is its focus on the word "section" rather than "time." In context, the second reference to "time " in the third sentence relates to the first reference to "time" in the same sentence. The first reference to the words "time" and "section" is in the phrase "within the time specified in this section," which expressly refers only to the time for giving written notice to the DPH director. The second reference in the same sentence to the words "time" and "section"--that the licensee may seek judicial relief from the "time limits specified in this section"--clearly relates to the preceding phrase of time deadlines for giving written notice to the DPH director.

The legislative history of section 1428 confirms our interpretation that subdivision (e) provides judicial relief for the untimely filing of the required written notice. We may consider legislative history to confirm our interpretation of an unambiguous statutory provision. (*Kulshretha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 613, fn. 7; *County of San Diego v. Dept. of Health Services* (1991) 1 Cal.App.4th 656, 661 [plain meaning of former § 1428, subd. (c), precluded county from seeking judicial relief

13

for failure to timely file at-issue memorandum, and construction was buttressed by legislative history].)

Before legislative amendments in 1988, former section 1428, subdivision (a) (pertaining to Class "A" and Class "AA" violations) and subdivision (c) (pertaining to Class "B" violations), required a licensee to give written notice within five business days to the DPH director of intent to challenge the citation or CRC decision and, as to Class "B" citations, required the licensee to file a lawsuit within 60 days of the notice to challenge the CRC decision, and stated that if the licensee failed to meet these time limits, the citation or CRC decision was deemed final and not subject to further administrative review.[11]  (Stats. 1987, ch. 1161, § 2.5, p. 4098.)  Another sentence of the same subdivision required dismissal of a court action if the licensee failed to file a timely at-issue memorandum in court no later than six months after the department filed its answer.  (*Ibid*.)

In *Summit Care-California v. State Dept. of Health Services* (1986) 186 Cal.App.3d 1584 (*Summit Care*), the court indicated the five-day limit, if construed as a statute of limitations beyond the scope of judicial relief, might be unconscionably brief in violation of due process.  (*Id*. at pp. 1588-1590.)  The court stated it would be appropriate for trial courts to have discretion under Code of Civil Procedure section 473 to grant relief from the five-day limit, but the relief granted in that case was reversed because the licensee was dilatory in seeking relief.  The court "hoped" the Legislature would reconsider the five-day limit.  (*Id*. at p. 1590.)

---

[11]  At that time, Class "A" citations were handled differently.  The licensee was not required to file a court action.  If the licensee challenged the citation or the CRC decision, the Attorney General was required to file a court action to enforce the citation.  (Stats. 1987, ch. 1161, § 2.5, p. 4097.)

In express response to *Summit Care*, the Legislature amended section 1428 in 1988 (Stats. 1988, ch. 84, § 1), extending the five-day limit to 15 business days and adding a provision for judicial relief from the time limits both for written notice to the director and for filing a court action, as to Class "B" citations, but not from the failure to file a timely at-issue memorandum.[12]  (*County of San Diego v. Dept. of Health Services, supra*, 1 Cal.App.4th 656 [judicial relief from time limits in subdivision (c) did not apply to time limit for filing at-issue memorandum in different sentence of subdivision (c)].)  The 1988 amendments also added the reference to judicial relief from the 15-day limit in subdivision (a), which pertained to Class "A" citations.  (Stats. 1988, ch. 84, § 1, p. 377.)

The legislative history of the 1988 amendments reads, "Currently [before the 1988 amendments], the law requires any licensee wishing to contest a decision of a citation review committee or a decision against the licensee, to notify the Director of Health Services in writing within five days.  Failure to make such notice deems the citation or decision final and not subject to further administrative review.  The sponsors argue that such a limited response time unfairly curtails their right to due process.  [¶] This [1988] legislation relates to a recent appellate decision in *Summit Care of California* [*supra*, 186

---

[12]      The 1988 version of section 1428, subdivision (c), stated, ". . . If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director's designee within the time specified in this subdivision, *or fails to file a civil action* within the time specified in this subdivision, the citation or the decision by the director's designee after a [CRC] shall be deemed a final order of the state department and shall not be subject to further administrative review, except that the licensee may seek judicial relief from the time limits specified in this subdivision. . . . Notwithstanding any other provision of law, for those citations issued after January 1, 1988, a licensee prosecuting a judicial appeal shall file and serve an at issue memorandum pursuant to Rule 209 of the California Rules of Court by July 1, 1988, or within six months after the state department files its answer in the appeal, whichever is later.  The court shall dismiss the appeal upon motion of the state department if the at issue memorandum is not filed by the facility within the period specified." (Stats. 1988, ch. 84, § 1, pp. 378-379, italics added.)

Cal.App.3d 1584], challenging the five day limit. The court found the limit 'unconscionably brief' and observed that in a number of situations, rigid adherence to this limit could work an injustice. The court expressed the belief that facilities should be allowed to show good cause for late filings." (Sen. Com. on Health and Human Services, Analysis of Sen. Bill No. 860 (1987-1988 Reg. Sess.), as introduced Mar. 3, 1987, p. 1.) The Summary Digest stated, "[A] facility may contest a citation issued by the department, or the civil penalty assessed because of that citation, by seeking a [CRC] or by appealing a decision made after a [CRC]. These appeals must be made, however, within 5 business days of service of the citation or receipt of the [CRC] decision, respectively. In addition a [CRC] must be held within 5 business days of its request. [¶] This bill would, instead, extend these time limits to 15 business days. [¶] This bill would also specify that when the time limit for an administrative appeal seeking a [CRC], or seeking to appeal a decision made after that conference has not been met, the licensee may seek judicial relief from those time limits pursuant to specified existing judicial procedures." (Leg. Counsel's Dig., Sen. Bill No. 860, Stats. 1988, ch. 84, § 1 (1987-1988 Reg. Sess.) Summary Dig., pp. 31-32.)

In 1992, the Legislature amended section 1428 to remove the language providing judicial relief from failure to file a timely court action.[13] As we shall discuss, although

[13]    The 1990 version of the statute was quoted in a case cited by both parties--*Demchuk v. State Dept. of Health Services* (1991) 4 Cal.App.4th Supp. 1. In that case, the appellate department of Napa County Superior Court held that section 1428's provision for judicial relief from time limits specified "in this subdivision" did not authorize judicial relief from the time limit on *service* of a complaint, because the time limit for service was not one of the time limits specified in the subdivision. (*Id*. at pp. 4-5.) At the time, the statutory language provided in pertinent part, "If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director's designee within the time specified in this subdivision, *or fails to file a civil action within the time specified* in this subdivision. . . ." (Stats. 1990, ch. 1133, § 2, p. 4731, italics added; see also *Demchuk*, *supra*, 4 Cal.App.4th Supp at p. 4.)

that provision related to Class "B" violations, we conclude that its deletion from the statutory scheme by the Legislature is telling.

" 'As a general rule, in construing statutes, "we presume the Legislature intends to change the meaning of a law when it alters the statutory language [citation], as for example when it deletes express provisions of the prior version [citation]." ' " (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 984 [express legislative provision for exceptions to limitations period necessarily excludes other exceptions].)  The Legislature's deletion of a specific provision in a statute " 'is most persuasive to the conclusion that the act should not be construed to include the omitted provision.' " (*People v. Soto* (2011) 51 Cal.4th 229, 245.)

The 1990 version of section 1428 contained separate procedural provisions for Class "A" and Class "B" violations.  For Class "A" violations, section 1428, subdivision (a) provided that if the licensee failed to notify DPH of intent to contest a CRC decision, the CRC decision was deemed final and not subject to further administrative review, except that the licensee could seek judicial relief from the time limits specified in "this subdivision," i.e., former section 1428, subdivision (a).  (Stats. 1990, ch. 1133, § 2, pp. 4729-4730.)  The licensee was not required to file an action in court to appeal the CRC decision.  Instead, if a licensee challenged a CRC decision, the Attorney General was required to file a court action for judicial enforcement of the penalty (Stats. 1990, ch. 1133, § 2, pp. 4729-4730).  The 1990 version of former section 1428, subdivisions (a) and (b) contained no time limits for filing a court action.

Plaintiff here argues in effect that *Demchuk* is not controlling because the statute has since been amended to change "subdivision" to "section."  While we acknowledge that published opinions of superior court appellate departments are not binding on this court (*Carter v. Cohen* (2010) 188 Cal.App.4th 1038, 1049), we believe the court in *Demchuk* correctly concluded that judicial relief related only to the actions referenced in the beginning of the above quoted sentence, i.e., notification of the intent to contest the citation or the director's decision or, at that time, filing a civil action, within the specified time.

17

For the less serious Class "B" violations (§ 1424, subd. (e)), the 1990 version of section 1428, subdivision (c) required the licensee to perfect a judicial appeal by filing a civil action in municipal court (Stats. 1990, ch. 1133, § 2, pp. 4730-4731). The 1990 version of subdivision (c) of section 1428 further provided: ". . . If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director's designee within the time specified in this subdivision, *or fails to file a civil action within the time specified in this subdivision*, the citation or [CRC decision] shall be deemed a final order of the state department and shall not be subject to further administrative review, except that the licensee *may seek judicial relief from the time limits specified in this subdivision [(c)]. . . .*" (Stats. 1990, ch. 1133, § 2, p. 4731 (Sen. Bill No. 1967), italics added.)

In 1992, the Legislature amended section 1428 to relieve the Attorney General of the burden of initiating court action for Class "A" violations.[14] (Stats. 1992, ch. 1163, § 6, p. 5439-5443; Legis. Counsel's Dig., Sen. Bill No. 1570 (1991-1992 Reg. Sess.) Stats. 1992, Summary Dig., p. 503.) The 1992 statute provided in subdivision (b) that, in order to perfect a judicial appeal on Class "A" violations, the licensee had to file a civil action in municipal or superior court no later than 90 days after receipt of the CRC decision. (Stats. 1992, ch. 1163, § 6, p. 5440.) That subdivision said nothing about judicial relief for failure to meet this time limit.

---

[14]     The legislative history shows the purpose of the 1992 amendment was to streamline the citation appeals process, because "The present system places the burden on the Attorney General's office to pursue court action when [a licensee] appeals a fine. This has resulted in long delays, uncollected fines, and a citation process that does not deter poor performance in [licensed facilities]." (Sen. Com. on Health and Human Services, Staff Analysis of Sen. Bill No. 1570 (1991-1992 Reg. Sess.) Apr. 8, 1992, p. 2; see also, Legis. Counsel's Digest, Sen. Bill No. 1570 (1991-1992 Reg. Sess.) Stats. 1992, Summary Dig., p. 503.)

For Class "B" violations, the 1992 statute provided in Health and Safety Code former section 1428, subdivision (c) that challenges to a CRC decision would be heard before an ALJ under Welfare and Institutions Code section 14123 (governing participation in Medi-Cal). (Stats. 1992, ch. 1163, § 6, p. 5440.) The 1992 version of subdivision (d) said that a licensee dissatisfied with the ALJ's decision regarding a Class "B" violation could seek judicial review in administrative mandamus or could submit the matter to binding arbitration. (Stats. 1992, ch. 1163, § 6, pp. 5440-5441.) Subdivision (e) of Health and Safety Code section 1428 said that, if a licensee opted for the ALJ hearing, DPH would have the burden of proof, and if a licensee failed to *notify the director of intent to contest* a citation or CRC decision "within the time specified in this subdivision," the CRC decision was deemed final and not subject to further administrative review, "except that the licensee may seek judicial relief from the time limits specified in this subdivision. . . ." (Stats. 1992, ch. 1163, § 6, p. 5441, italics added.) Thus, the 1992 amendment deleted the provision extending the possibility of judicial relief for failing to file a timely court action, which in any event had only applied to Class "B" violations, not a Class "A" violation like the one at issue in our case. (Stats. 1992, ch. 1163, § 6, p. 5441 (Sen. Bill No. 1570.) The Legislature did not graft that provision for judicial relief into the newly established provision for judicial appeals of Class "A" violation citations.

Accordingly, applying the rule of statutory construction that a statute should not be construed to include a provision deleted by the Legislature (*Quarry v. Doe I, supra*, 53 Cal.4th at p. 984; *People v. Soto, supra*, 51 Cal.4th at p. 245), the Legislature's deletion of the specific provision for judicial relief from untimely filing of a civil action from a previous version of section 1428 supports the conclusion that the version of the statute at issue here should not be construed to include the omitted provision.

We also observe that the time limits and the provision for judicial relief from the time limits were once *both in the same subdivision*. Legislative amendments split them

19

up into different subdivisions, thus necessitating the later change from "subdivision" to "section." A review of additional text from the 1990 version of section 1428, subdivision (c) will better illustrate our point.

The 1990 version stated: "If a licensee desires to contest a class "B" citation or proposed assessment of a civil penalty therefore, the licensee shall within 15 business days after service of the citation (1) notify the director in writing of his or her request for a [CRC] with the designee of the director . . .; or (2) notify the director in writing of the licensee's intent to adjudicate the validity of the citation in the municipal court . . . . If the licensee desires to contest a decision made after the [CRC], the licensee shall inform the director in writing within 15 business days after he or she receives the decision by the director's designee. In order to perfect a judicial appeal of a contested citation, a licensee shall file a civil action in the municipal court . . . . The action shall be filed no later than 60 calendar days after a licensee notifies the director that he or she intends to contest a citation, and served no later than 60 days after filing. In the event a [CRC] is held, the action shall be filed no later than 60 calendar days after a licensee notifies the director of his or her intent to contest the decision of the director's designee and served no later than 60 days after the filing. . . . If a licensee fails to notify the director in writing that he or she intends to contest the citation or the decision made by the director's designee within the time specified in this subdivision, or fails to file a civil action within the time specified in this subdivision, the citation or CRC decision shall be deemed final and not subject to further administrative review, *except that the licensee may seek judicial relief from the time limits specified in this subdivision.*" (Stats. 1990, ch. 1133, § 2, p. 4731 (Assem. Bill No. 3536).)

As can be seen, the time limits were set forth in the same subdivision as the provision for judicial relief. When this was the case, the use of the word "subdivision" certainly made sense. However, in 1992, in addition to establishing new procedures for Class "A" violations--including establishing the time limits specified in subdivision (b) at

20

issue here--the Legislature moved the provision concerning judicial relief for the failure to meet specified time limits into subdivision (e) and retained the time limits for Class "B" violations in subdivision (c). (Stats. 1992, ch. 1163, § 6, pp. 5439-5441 (Sen. Bill No. 1570).) The newly established subdivision (e) provided that if the licensee failed to notify the director of its intent to contest the citation, penalty assessment, or CRC decision "within the time specified in this subdivision," then the DPH decision was deemed final "except that the licensee may seek judicial relief from the time limits specified in this subdivision." (Stats. 1992, ch. 1163, § 6, p. 5441 (Sen. Bill No. 1570).) The use of the word "subdivision" in the 1992 version of subdivision (e) was apparently drafter's oversight; it made no sense given that the time limits had been set forth in former section 1428, subdivisions (b) and (c). That oversight was corrected in the 1993 amendment referenced by plaintiff, where the Legislature changed "subdivision" to "section." (Stats. 1993, ch. 930, § 2, p. 5248 (Sen. Bill No. 560); see *People v. Birkett* (1999) 21 Cal.4th 226, 241, fn. 16 [anomaly in Penal Code statute was apparent result of drafting oversight].) That this was merely a correction of an apparent drafting oversight is evidenced by the legislative history, which indicates that technical and nonsubstantive changes were intended by the 1993 amendments. The legislative history shows, "According to the sponsor, SB 560 is a technical clean-up bill which corrects and clarifies specific language from SB 1570 [the 1992 legislation] that dealt with the long-term health care regulatory process. SB 560 proposed changes are consistent with the language and intent agreed upon during the bill negotiation process last year."[15] (Sen.

---

[15] The legislative history of the 1993 amendments states that the 1992 legislation revised the statute so that a judicial action could be filed in municipal or superior court for "AA" or "A" citations, and that "B" citations could be appealed administratively before or after a CRC, but the 1992 amendments "failed to conform the filing times for contesting a citation in court with the period for filing an appeal against an unfavorable administrative adjudication of a contested citation. [¶] In addition, clarification is needed as to when the 15-day period to request a citation review begins and when treble penalties

21

Com. on Health and Human Services, Staff Analysis of Sen. Bill No. 560 (1993-1994 Reg. Sess.), as introduced Mar. 1, 1993, p. 1.) "Non-substantive or technical changes are made to conform the statutes to existing law, not to change the law." (*In re Chavez* (2004) 114 Cal.App.4th 989; see also *id*. at pp. 995, 997-998 [legislative history describing amendments as non-substantive supported court's conclusion that amendments corrected drafting error].)

Nothing in the legislative history of the 1993 amendment suggests that the change from "subdivision" to "section" was intended to add judicial relief from untimely filing of a court action. In our view, adding judicial relief from the failure to timely file a court action must be considered a substantive change, especially when that change would have the effect of reinstating judicial relief the Legislature had eliminated from the statutory scheme just the year before.

Thus, that former subdivision (e) of section 1428 in effect at the times relevant to the instant case referred to judicial relief from time limits specified in this "section" rather than "subdivision" was merely a necessary consequence of the fact that no time limits at all were specified in subdivision (e). This is the obvious explanation why former subdivision (e) in effect here referred to time limits specified in this "section" rather than "subdivision." And as the language of subdivision (e) makes clear, the time limits referred to "in this section" are only those time limits related to the requirement that licensee provide the director notice of its intent to contest the citation or the civil penalty assessment or CRC decision. (See fn. 5, *ante.*)

Although our construction of a statute turns on legislative intent at the time of enactment rather than subsequent legislative action (*Guillen v. Schwarzenegger* (2007) 147 Cal.App.4th 929, 938-939), our interpretation of former section 1428, subdivision (e)

_____

for multiple violations . . . apply." (Assem. Com. on Health, Analysis of Sen. Bill No. 560 (1993-1994 Reg. Sess.), as amended May 3, 1993, p. 2.)

22

as disallowing judicial relief from the deadline for filing suit, also comports with subsequent legislative action, in that the Legislature in 2011 amended section 1428 to completely eliminate the CRC administrative appeal process, including the provision relating to judicial relief from the failure to meet the time limits associated with that process.  As in the previous incarnation, there is a mechanism for judicial appeal of the citation, but there is no provision for judicial relief in the current statute for failure to file a complaint within the mandated time period.  (Stats. 2011, ch. 729, § 5.)

The legislative history of the 2011 amendment shows the Legislature eliminated the CRC process because of the perception that licensees were using it to stall finality of citation and attendant penalty assessments.  "At the request of the Joint Legislative Audit Committee, the California State Auditor produced an audit report in June of 2010, examining DPH.  According to the State Auditor report, state law specifies that LTC [long-term care] facilities are not required to pay monetary penalties on contested citations that have not been resolved.  LTC facilities may contest a monetary penalty by requesting an appeal through the CRC process in which an independent hearing officer from DPH's Office of Legal Services makes a determination on whether to uphold, modify, or dismiss the citation.  Because of DPH's staffing issues and workload priorities, more than 600 citations, with corresponding monetary penalties amounting to nearly $5 million, were awaiting a CRC as of February 2010.  According to DPH, delays in the CRC process may encourage LTC facilities to appeal citations and request CRCs as a way to delay paying their monetary penalties."  (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 641 (2011-2012 Reg. Sess.) as amended Aug. 23, 2011.)

We conclude the version of section 1428 in effect at the relevant times here did not authorize the trial court to grant judicial relief from the deadline for filing the complaint.[16]

## B. Abuse of Discretion

The trial court ruled that even if it had discretion under section 1428 to grant relief from plaintiff's failure to file its complaint within the statute of limitations, it would not grant such relief here, because plaintiff did not promptly seek relief when served with the answer asserting the affirmative defense of the statute of limitations and did not file its motion for relief until a year later, after DPH filed its summary judgment motion. Assuming the trial court had the discretion to grant the relief plaintiff requests, we conclude it did not abuse its discretion in refusing to do so.

The test for abuse of discretion is whether the trial court exceeded the bounds of reason based on the circumstances. (*State Farm, supra*, 90 Cal.App.4th at p. 610.) The burden is on plaintiff as appellant to show abuse of discretion. (*Ibid.*)

On appeal, as in the trial court, plaintiff seeks to deflect from its own failings by focusing on DPH's tardiness in meeting deadlines for its own administrative actions. However, plaintiff fails to offer any authority or analysis for the argument that since DPH missed administrative deadlines, plaintiff can miss the deadline for filing a complaint in superior court. The matter is therefore forfeited. (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [appellate court may disregard points unsupported by analysis or authority].) Moreover, the argument fails on the merits. While a public agency is subject

---

[16]  DPH views plaintiff as making a frivolous argument that the 90-day period for filing a complaint should be added to the 90-day period for serving the complaint, creating a new 180-day period for filing and serving the complaint, which plaintiff met. We do not view plaintiff's appellate brief as making this argument, which of course would contravene the express language of the statute. Rather, plaintiff argues discretionary relief was appropriate because plaintiff substantially complied with the combined filing and service time limits and DPH was not prejudiced.

to estoppel from the assertion of a statute of limitations, estoppel generally involves misrepresented or concealed facts. (*Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1496 [city was not estopped from asserting limitations defense against tort claimant].) "The estopped party must either misrepresent or conceal material facts with knowledge of the true facts (or gross negligence as to them) and with the intent that another who is ignorant of the facts will rely on the misrepresentation or concealment . . . ." (*Ibid.*) Here, plaintiff does not claim that DPH misrepresented or concealed any facts, and plaintiff fails to cite any legal principle that would apply here.

Furthermore, in order for plaintiff to meet its burden on appeal to show the trial court abused its discretion, plaintiff must confront the trial court's reason for denying relief--that plaintiff was dilatory in seeking relief. Plaintiff fails to do so.

Plaintiff complains the trial court injected Code of Civil Procedure section 473's six-month timeline for seeking relief, whereas Health and Safety Code former section 1428 contains no such limit, and in any event the six months should start when the opposing party takes some action based on the missed time limit, here the summary judgment motion. However, plaintiff ignores that the trial court said the six-month limit was "not controlling." It appears that the trial court referenced the six-month limit merely as a legislative determination of the outside limits of reasonable delay. More importantly, the trial court denied discretionary relief because plaintiff was dilatory. The papers filed in the trial court contain no explanation why plaintiff did not act sooner. The record on appeal does not include a reporter's transcript of the court hearing, so we presume plaintiff offered no explanation at the hearing. (*State Farm, supra*, 90 Cal.App.4th at p. 610 [appellant has burden to provide adequate record on appeal, and to the extent the record is inadequate, we make all reasonable inferences in favor of the judgment].) Plaintiff's opening brief on appeal offers no explanation for why it did not seek relief promptly after receiving DPH's answer asserting the statute of limitations defense. Plaintiff's reply brief on appeal claims that, after filing the complaint in March

25

2010, it "was required to obtain new counsel," who substituted into the case in March 2011. We do not consider new points raised for the first time in a reply brief. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.) Moreover, plaintiff does not say when it had to obtain new counsel but instead apparently hopes we will assume that it took plaintiff a whole year to find a new lawyer and that the former lawyer could not or would not file a motion for relief, even though the former lawyer filed other motions, such as a December 2010 application for an order to continue the trial date.

Plaintiff's failure to confront the trial court's conclusion that it was dilatory renders moot plaintiff's argument that relief would not prejudice DPH.

We conclude plaintiff fails to show grounds for reversal based on section 1428.

### III.  Denial of Relief Under Code of Civil Procedure Section 473

Plaintiff argues the trial court abused its discretion in denying relief under Code of Civil Procedure section 473. (See fn. 6, *ante.*) We disagree.

Code of Civil Procedure section 473 "ha[s] been interpreted to exclude relief from default caused by failure to comply with the statute of limitations. [Citations.] . . . 'Statutes of limitation[s] " 'are, of necessity, adamant rather than flexible in nature . . . .' " When the Legislature has decided to introduce an element of flexibility in a particular instance, it has expressly provided for extension of the limitation period on a showing of good cause, and courts have interpreted the "good cause" standard as equivalent to a showing under section 473. . . . In the absence of such a specific provision for extension, it must be inferred the Legislature did not intend to permit relief on grounds of good cause or under section 473.' " (*Castro v. Sacramento County Fire Protection District* (1996) 47 Cal.App.4th 927, 930 (*Castro*); see *id*. at pp. 933-934.)

In *Castro*, this court held this rule foreclosing relief for violations of the statute of limitations applied not only to the discretionary relief, but also to a 1992 amendment concerning the mandatory relief commanded by Code of Civil Procedure section 473 when the plaintiff's attorney submits a sworn affidavit attesting to his or her mistake,

26

inadvertence, surprise, or neglect. (Code Civ. Proc., § 473, subd. (b).) To allow relief under Code of Civil Procedure section 473 would "create a loophole through which a plaintiff may escape the bar of the statute of limitations. Statutes of limitations are a fundamental aspect of our legal system. They are ' "vital to the welfare of society and are favored in the law." ' [Citation.] 'Statute[s] of limitations traditionally play a valid role in laying stale causes to rest and providing finality and repose without the need for any court adjudication. [Citations.]' " (*Castro, supra,* 47 Cal.App.4th at p. 933.)

Citing this court's decision in *Castro*, the court in *Life Savings Bank v. Wilhelm* (2000) 84 Cal.App.4th 174, held that Code of Civil Procedure section 473 "does not provide relief from such errors that result in the running of the applicable statute of limitations. [Citations.]" (*Id.* at p. 177.)

Accordingly, relief is not available to plaintiff under Code of Civil Procedure section 473. Even if it were available, the trial court said it would still deny discretionary relief, and plaintiff fails to show any abuse of discretion, as we have already explained.

Plaintiff has repeatedly asserted the public policy favoring disposition of a case on its merits. However, the public policy for the repose provided by statutes of limitations is equally strong. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 396.) And the Legislature has repeatedly indicated its intent to expedite the process for violations such as those alleged to have been committed here.

We conclude plaintiff fails to show reversible error regarding the trial court's denial of relief from the failure to file the complaint within the statute of limitations. Plaintiff's complaint was untimely, and DPH was entitled to summary judgment on that ground.

## DISPOSITION

The judgment is affirmed.  DPH shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278.)


                                                    MURRAY            , J.


We concur:


          BLEASE            , Acting P. J.


28

Mauro, J., Concurring


I concur with the majority opinion except for part II.A.  Although I do not adopt the analysis interpreting Health and Safety Code former section 1428, subdivision (e) in part II.A of the majority opinion, it makes no difference to the result.  As the majority opinion explains in part II.B, even if Health and Safety Code former section 1428, subdivision (e) were interpreted in the manner urged by plaintiff (a point we need not, and I do not, decide), the trial court would have discretion to deny the requested relief.  And here, the trial court confirmed in no uncertain terms that it would exercise its discretion to deny the requested relief in any event.  As the majority opinion explains, the trial court did not abuse its discretion in denying relief.


                                            MAURO              , J.

1